IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHAKUR AL-AMIN, | ) |
| Petitioner, | ) |
| v. | ) NO. 3:20-cv-00499 |
| DARON HALL, Sheriff, et al., | ) JUDGE RICHARDSON |
| Respondents. | ) |

### **MEMORANDUM AND ORDER**

Before the Court is Petitioner Shakur Al-Amin's pro se petition seeking a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), filed on June 15, 2020.

By Order entered July 8, 2020, the Court directed Petitioner to either pay the $5.00 filing fee or file an application for leave to proceed *in forma pauperis*. (Doc. No. 4 at 2.) Petitioner has now filed a certified inmate trust fund account statement showing that he lacks sufficient funds in that account to pay the filing fee. (Doc. No. 5.) However, he has not filed the affidavit of poverty described in 28 U.S.C. § 1915(a), as required by Rule 3(a)(2) of the Rules Governing Section 2254 Cases and this Court's Order (Doc. No. 4 at 2) to complete his application for pauper status. He has thus not succeeded in filing this case.

Moreover, the Court's Order further directed Petitioner to show cause why this action should not be dismissed without prejudice in favor of his pending action for relief under 28 U.S.C. § 2241, since his filings reveal that he is not currently serving a state sentence but is a pretrial detainee challenging ongoing proceedings against him in state court.[1] (*Id.* at 1–2) (citing, *e.g.*,

---

[1] The petition refers to an upcoming court date, on July 30, 2020. (Doc. No. 1 at 1.)

*Phillips v. Court of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) (holding that pretrial detainees pursue habeas relief under § 2241 rather than § 2254 because they are in custody pursuant to indictment rather than judgment)). In response, Petitioner asserts his desire to maintain both actions in order to preserve his rights (Doc. No. 7 at 1–8), stating that he "is not guilty of crimes accused of." (*Id.* at 9.)

Petitioner's filings in response to the Court's Order confirm that the entirety of his challenge in this case is to criminal charges currently pending against him. Section 2241, not Section 2254, is thus the appropriate vehicle for his claims. *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) ("Inmates with final state court judgments thus must travel down the § 2254 road, while pretrial detainees must travel down the § 2241 path."). Section 2254 authorizes a petition "in behalf of a person in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), and Petitioner is not such a person.

Because Petitioner filed a separate petition on a form explicitly invoking Section 2241 only days after filing the current petition, *see Al-amin v. Hall*, No. 3:20-cv-00544 (M.D. Tenn. June 23, 2020), and because of the defects in the instant filing identified above, the Court **DISMISSES** this case without prejudice, in favor of Petitioner's 2241 action currently pending before Judge Trauger. That action shall be the vehicle for any and all challenges to the legality of Petitioner's pretrial detention. The Clerk is **DIRECTED** to return the petition submitted in this case (Doc. No. 1) to Petitioner.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE